On Rehearing.
(Jan. 18, 1904.)
LAND, J.
Plaintiff in his petition alleges that the state acquired title to the property in dispute by forfeiture for taxes for the years 1875 to 1878, inclusive, and also by several sales for taxes of 1880, 1881, 1882, and 1883, and that he acquired title from the state of Louisiana by deed from the auditor of date June 18, 1902, under section 3, Act No. 80, p. 89, of 188S, as amended by Act No. 120, p. 181, of 1896.
Plaintiff further alleges that the titles of the defendants were divested by said forfeitures and sales, and that he desires to have his title confirmed by decree of the court under the provisions of article 233 of the Constitution of 1898 and Act 101 of 1898.
Plaintiff prays for citation to defendants, and that they be notified that petitioner is the owner of said property by virtue of said transfers, and that his said title will be confirmed unless proceedings to annul the same are instituted by them within 10 days from service of petition and citation, and, finally, should said proceedings to annul said title be not instituted within said time, then that judgment be rendered confirming the title of petitioner to said property, barring the rights of defendants from ever asserting title or claim whatsoever to the same.
It plainly appears from the allegations of the petition that this proceeding was instituted under section 3 of Act No. 101 of 1898, which reads as follows:
“Sec. 3. * * * That in all cases where tax titles have been quieted by the prescription of three years, as set out in said article 233, the purchaser or his assignee may if he so desires, obtain a judgment of the court confirming said title, same to be done by suit in the manner and form as above set out, except that the delay for answer shall be ten days instead of six months, provided that the failure to bring said suit shall in no manner affect said prescriptive titles.”
There is no allegation in the petition that the property was vacant or that the state or the plaintiff has ever been in actual possession of the same.
The burden of proof is on plaintiff to show that his title has been quieted by the prescription of three years.
The evidence shows that Mrs. W. W. Handlin, one of the defendants, has been in actual possession, as owner, of said property since the year 1870.
We are of opinion that article 233 of the Constitution of 1898 has no application where the property remains in the actual or corporeal possession of the tax debtor, the purchaser at the tax sale making no effort to dispossess the original owner. See Ashley Co. v. Bradford, 109 La. 651-654, 33 South. 634.
Having reached the conclusion that plaintiff is not entitled to the remedy prayed for, it follows that his suit must be dismissed, with a reservation of whatever legal remedies and defenses the parties may have in the premises.
It is therefore ordered and decreed that our former decree rendered in this ease be vacated, and it is now ordered and decreed that the judgment of the lower court be annulled, avoided, and reversed, and that plaintiff’s suit be dismissed with costs, with a reservation of whatever legal remedies and defenses the parties may have in the premises.
Defendants and appellees to pay costs of appeal.